Landau, P.C. v Goldstein (2022 NY Slip Op 51002(U))

[*1]

Landau, P.C. v Goldstein

2022 NY Slip Op 51002(U) [76 Misc 3d 138(A)]

Decided on October 14, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570229/21

Landau, P.C. f/k/a Morris J. Eisen,
P.C. and Morris J. Eisen, Individually, Plaintiffs-Respondents,
against
Lloyd Goldstein, Defendant-Appellant, and Kenneth F.
Kaplan, Defendant.

Defendant Lloyd Goldstein, as limited by his briefs, appeals from so much of an
order of the Civil Court of the City of New York, New York County (Sabrina B. Kraus,
J.), dated March 25, 2020, which denied his motion for summary judgment dismissing all
of plaintiffs' claims as time-barred.

Per Curiam.
Order (Sabrina B. Kraus, J.), dated March 25, 2020, affirmed, with $10 costs.
In this action to recover compensation for legal services pursuant to an alleged
referral fee agreement, Civil Court properly denied defendant's Goldstein's (third) motion
for summary judgment as untimely, since it was made three years after the filing of the
note of issue, long past the statutory timeliness requirement of CPLR 3212(a), and
defendant failed to "establish [ ] good cause for [his] belated filing" (Appleyard v
Tigges, 171 AD3d 534, 536 [2019]). Moreover, defendant's motion violated the rule
against successive summary judgment motions, since he previously sought summary
judgment multiple times on the same grounds without "showing . . . newly discovered
evidence or other sufficient justification" (Jones v 636 Holding Corp., 73 AD3d
409, 409 [2010]). We also note that many of defendant's contentions are unpreserved for
appellate review.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 14, 2022